**286**

|  |  |
|---|---|
| Sarah J. Atkinson vs. Margaret Birmingham et al. | Law No. 44185 |

### RESCRIPT
### February 17, 1919

BARROWS, J. Heard on demurrers by defendants Hindmarsh and Costigan to plaintiff's declaration. The declaration is in three counts; the first two charging malicious prosecution and the third, slander.

At the hearing one ground of demurrer was sustained and plaintiff then and there was given leave to amend by the addition of certain words to the first count of the declaration.

The demurrer to the third count of the declaration was, after argument, held to be good and sustained on the ground that action for words spoken cannot be maintained against joint tort feasors under circumstances of this declaration, and that the words spoken

in and of themselves do not constitute a slander per se. The count, failing to aver special damage, is therefore bad.

Defendants also contended that the declaration was faulty in failing to aver that the charge upon which plaintiff was arrested was made to the District Court under oath by defendants, citing Turpin vs. Remy, 3 Blackford 210. Examination of this case does not sustain defendant's contention. It is rather an authority supporting plaintiff and holding that the declaration need not aver that the charge was made under oath but must state what the charge was in legal contemplation, or the facts upon which the charge was based, so that the criminal nature of the charge can be known. In this instance plaintiff has set forth both the facts and alleged that the crime charged was larceny.

287

This ground of demurrer is therefore overruled.

The decision upon these demurrers also covers the grounds of demurrer taken by defendant Birmingham and sustains all of them. The first has been cured by amendment and the other two by the decision holding the third count bad.

For plaintiff: Charles R. Easton.

For defendant: Elmer S. Chace, Henry C. Cram, Oscar L. Heltzen, Ellis L. Yatman and W. R. Prescott.